## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AMERICAN IMMIGRATION COUNCIL
1331 G Street, N.W., Suite 200
Washington, DC 20005-3141

                    Plaintiff,

        v.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY
Office of General Counsel
United States Department of Homeland Security
Washington, DC 20528

and

UNITED STATES CUSTOMS AND BORDER
PROTECTION
Office of the Chief Counsel
1300 Pennsylvania Avenue, N.W.
Washington, DC  20229

                    Defendants.

Civil Action No.

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### Introduction

1.      This Action seeks to compel the United States Customs and Border Protection

("CBP"), a component of the United States Department of Homeland Security ("DHS"), to

disclose records the Plaintiff American Immigration Council ("Immigration Council") requested

under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, relating to CBP's complaint

process and actions taken in response to complaints made to CBP concerning its agents and

officers since January 1, 2012.  The Immigration Council seeks declaratory, injunctive, and other

appropriate relief in view of Defendants' unlawful withholding of these documents.

2.      CBP is the largest law enforcement agency in the United States, with the United States Border Patrol ("USBP"), a division of CBP, employing more than 20,000 agents in fiscal year 2015.[1]  Over the years, there have been numerous reports of abuse or misconduct by USBP agents,[2] but CBP historically has not been held accountable for the misconduct of its agents and has often tried to shield such misconduct from public scrutiny.[3]

3.      Pursuant to an earlier FOIA request, the Immigration Council obtained data from CBP concerning 809 complaints of abuse lodged against USBP agents between January 2009 and January 2012.  The Immigration Council published an analysis of the data obtained from that previous FOIA request in a May 2014 report entitled *No Action Taken: Lack of CBP Accountability in Responding to Complaints of Abuse.*[4]  The data analysis revealed that the recorded outcome in 97% of the cases CBP claimed to have resolved was "No Action."  The data further showed that "physical abuse" by USBP agents was the most prevalent reason given for filing a complaint (cited in 40% of the complaints), with "excessive use of force" running a close second (referenced in 38%).  Overall, the data led the authors of the *No Action Taken* report to conclude that the high incidence of complaints, and the near-absence of corrective action, were

---

[1] *See* United States Border Patrol, Border Patrol Agent Staffing by Fiscal Year, https://www.cbp.gov/sites/default/files/documents/BP%20Staffing%20FY1992-FY2015.pdf.
[2] *See, e.g.,* No More Deaths, *Culture of Cruelty: Abuse and Impunity In Short-Term U.S. Border Patrol Custody,* (2011), *available at* http://forms.nomoredeaths.org/wp-content/uploads/2014/10/CultureOfCruelty-full.compressed.pdf.
[3] *See, e.g.,* Garrett M. Graff, *The Green Monster: How the Border Patrol Became America's Most Out-of-Control Law Enforcement Agency,* Politico (Nov./Dec. 2014), *available at* http://www.politico.com/magazine/story/2014/10/border-patrol-the-greenmonster-112220.html#.VW4iv2ktGUl (DHS oversight agencies have been criticized for failing to investigate civil rights complaints, which they classify as lower priority, "non-mission-compromising corruption."); Andrew Becker, *Border Agency's Former Watchdog Says Officials Impeded His Efforts,* Wash. Post (Aug. 16, 2014), http://www.washingtonpost.com/politics/border-agencys-former-watchdog-says-officialsimpeded-his-efforts/2014/08/16/ce143288-2304-11e4-8593-da634b334390-story.html (former head of CBP Internal Affairs describing CBP as an agency "rife with coverups and corruption" where officials have "distorted facts to try to hide any missteps").
[4] Daniel E. Martinez, Guillermo Cantor, Walter A. Ewing, *No Action Taken: Lack of CBP Accountability in Responding to Complaints of Abuse.*  American Immigration Council Special Report, May 2014, *available at* http://www.americanimmigrationcouncil.org/sites/default/files/No%20Action%20Taken_Final.pdf.

systemic byproducts of CBP's lack of transparency and accountability, exacerbated by a confusing and ineffective system for processing complaints.

4.      In keeping with FOIA's aim of facilitating increased public awareness of government operations, the Immigration Council published the *No Action Taken* report, which received widespread media attention.  The Immigration Council's analysis of the data covering complaints against USBP agents between 2009 and 2012 has been cited as "a blueprint for action" to enhance transparency and accountability in CBP, including by creating uniform and reliable procedures for processing complaints, thereby ensuring that abuses are swiftly investigated and dealt with appropriately.[5]

5.      Seeking to measure any progress made since January 2012, the Immigration Council delivered a follow-up FOIA request to CBP on October 2, 2015 ("2015 FOIA Request"), asking for documentation concerning complaints made against CBP agents and officers since January 1, 2012, as well as the process CBP has used to investigate and resolve the complaints filed within that timeframe.  A copy of the 2015 FOIA Request is appended hereto as **Exhibit A**.

6.      Although more than eight months have passed since CBP received the Immigration Council's 2015 FOIA Request, CBP has not provided any responsive documents, notwithstanding the Immigration Council's filing of an administrative appeal.  CBP's failure to produce the requested records violates FOIA and is impeding the Immigration Council's efforts to assess and inform the public about CBP's progress, or lack thereof, in developing meaningful and transparent procedures for investigating and resolving complaints of abuse by USBP agents.

---

[5] Editorial, *Impunity and the Border Patrol*, N.Y. TIMES, May 12, 2014, at A22, available at http://www.nytimes.com/2014/05/12/opinion/impunity-and-the-border-patrol.html?_r=0.

**Jurisdiction and Venue**

7.     This Court has subject matter jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

8.     Venue properly rests with this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1)(C) because Plaintiff's principal place of business is in the District of Columbia.

9.     The Plaintiff has exhausted any and all administrative remedies in connection with the 2015 FOIA Request.

**The Parties**

10.     The Immigration Council is a tax-exempt, not-for-profit educational and charitable organization under § 501(c)(3) of the Internal Revenue Code.

11.     The Immigration Council's principal place of business is at 1331 G Street, N.W., Suite 200, Washington, DC 20005.

12.     Founded in 1987, the Immigration Council was established to increase public understanding of immigration law and policy, advocate for the fair and just administration of our immigration laws, protect the legal rights of noncitizens, and educate the public about the enduring contributions of America's immigrants.

13.     The Immigration Council's policy department researches issues related to immigration, and regularly provides information to leaders on Capitol Hill, the media, and the general public.

14.     The Immigration Council's legal department works with other immigrants' rights organizations and immigration attorneys across the United States to advance the fair administration of our immigration laws, including those relating to the removal process.

15.     Defendant DHS is a department of the executive branch of the Unites States government and is an agency within the meaning of 5 U.S.C. § 552(f).

16.     DHS is responsible for enforcing federal immigration laws.

17.     Upon information and belief, DHS has possession and control over the records sought by the Immigration Council in the 2015 FOIA Request.

18.     Defendant CBP is a branch of DHS and is likewise an agency within the meaning of 5 U.S.C. § 552(f).

19.     Among other duties, CBP is responsible for enforcing immigration laws at the borders and other ports of entry to the United States.

20.     CBP inspects individuals seeking entry into the United States, including U.S. citizens, lawful permanent residents, nonimmigrants, and asylum seekers.

21.     CBP has authority to admit or exclude individuals, issue "expedited removal" orders, make arrests, and detain noncitizens.

22.     CBP also facilitates "voluntary returns" whereby noncitizens in the United States give up their right to contest removal and are immediately returned to their home countries.

23.     Upon information and belief, CBP has possession of and control over records requested by Plaintiff.

**The Immigration Council's 2015 FOIA Request**

24.     On October 2, 2015, the Immigration Council submitted its 2015 FOIA Request to CBP,  seeking three categories of records:

> 1.   Records concerning each incident of alleged misconduct referenced in complaints filed with CBP since January 1, 2012.  More specifically, the Immigration Council sought production of records containing information relating to 15 particular categories of information concerning each complaint (e.g., date of alleged

misconduct, age and gender of the complainant, summary of allegations),[6] and asked
that data responsive to those categories be produced in a workable format, such as an
Excel spreadsheet.

   2.   Records that explain CBP's process for handling complaints, including
protocols for receiving, reviewing, responding to, investigating, referring, and
resolving complaints, and the identification of all departments or components
involved in the receipt or handling of complaints and the specific responsibilities of
each such department or component.

   3.   Records used by CBP to inform the public, including individuals
apprehended or detained by CBP, about the process of filing a complaint against CBP
or its personnel.

### CBP's Failure to Respond as Required

   25.   On October 2, 2015, CBP sent the Immigration Council an email acknowledging

receipt of the Immigration Council's 2015 FOIA Request.  (A copy of CBP's October 2, 2015

email is appended hereto as **Exhibit B**).

   26.   On October 21, 2015, CBP sent the Immigration Council another email, to which

CBP attached a "PDF" of a letter, also dated October 21, 2015.  (A copy of the text of CBP's

email dated October 21, 2015 is appended hereto as **Exhibit C** and a copy of the letter attached

as a PDF to that email is appended hereto as **Exhibit D**).

   27.   The letter attached to CBP's October 21, 2015 email confirmed that the

Immigration Council's "FOIA request has been received by CBP and will be processed in the

order it was received."

   28.   The letter attached to CBP's October 21, 2015 email further advised that the

Immigration Council would "be notified electronically" by CBP's FOIA Division when "records

---

[6] In full, the 2015 FOIA Request sought the following with respect to each incident referenced in a complaint: case
number; date the alleged misconduct took place; date the complaint was received; complainant's age or date of birth;
complainant's nationality or country of birth; complainant's gender; complainant's primary language; position title
of the agent against whom the complaint was made; subject office (or border sector); primary field description code;
allegation summary; charge description; decision action; decision date; and the department or component that
investigated the complaint.

are available to view," but cautioned that CBP "has a significant backlog of FOIA requests," so the "expected response time" might be as long as "9 – 12 months."

29.     The text of the email CBP sent on October 21, 2015, likewise stated that the Immigration Council's "FOIA request has been received by CBP and will be processed in the order it was received."  (See **Exhibit C**).

30.     Unlike the letter attached as a PDF, however, the text of CBP's email sent on October 21, 2015 purported to provide a "partial response" to the Immigration Council's request for records used by CBP to inform "the public about the process of filing a complaint against CBP."

31.     CBP's email sent on October 21, 2015 referenced and attached a Microsoft Word file (a printout of which is appended hereto as **Exhibit E**) that displayed a "list of links" to five webpages.  The text of the email explained that the "the first four links" – all to webpages on CBP's own website, www.cbp.gov -- were obtained by CBP using Google's search engine "with the search terms 'file complaint with CBP.'"  CBP's email sent on October 21, 2015 explained that the "final link" reflected search results obtained by CBP when using the search function on CBP's own website and searching simply for the term "complaint."

32.     Following the Immigration Council's receipt of CBP's email dated October 21, 2015, CBP has provided no further response to the Immigration Council's 2015 FOIA Request.

### The Immigration Council's Administrative Appeal

33.     On January 6, 2016, the Immigration Council filed an administrative appeal based on CBP's failure to respond to the 2015 FOIA Request within the statutory time frame.  (A copy of the January 6, 2016 filing is appended hereto as **Exhibit F**).

34.     CBP responded to the Immigration Council's appeal in a letter dated January 14,

2016, signed by Shari Suzuki, as Chief of the FOIA Appeals, Policy and Litigation Branch. (A copy of the January 14, 2016 letter is appended hereto as **Exhibit G**).

35.     CBP's January 14, 2016 letter agreed that CBP's "FOIA division ha[d] not yet processed" the Immigration Council's 2015 FOIA Request.

36.     The appeals branch of CBP remanded the request to CBP's FOIA Division for processing, with instructions that, within 20 days after the date of Ms. Suzuki's letter (*i.e.*, by February 3, 2016), the FOIA Division provide the Immigration Council with an estimate of the time it would take for CBP to process the Immigration Council's request.

37.     Ms. Suzuki's letter of January 14, 2016, also advised the Immigration Council that it "may immediately challenge FOIA Division's failure to respond to your request in district court."

38.     The Immigration Council has received no communication from CBP in the four months since the January 14, 2016 letter from CBP.

39.     The Immigration Council has exhausted its administrative remedies in connection with its 2015 FOIA Request.

40.     Defendants have failed to make reasonable efforts to search for responsive records.

41.     Defendants have violated the applicable statutory time limit for the processing of FOIA requests.

### Plaintiff's Entitlement to a Waiver of Processing Fees

42.     In its 2015 FOIA Request, the Immigration Council asked that CBP waive all fees associated with responding to the request because disclosure of the requested records is "likely to contribute significantly to public understanding of the operations or activities of the government

and is not primarily in the commercial interest of the requestor."  5 U.S.C. § 552(a)(4)(A)(iii).

43.    On October 20, 2015, CBP sent the Immigration Council an email stating that the Immigration Council's request for a fee waiver "has been determined to be not applicable as the request is not billable."  (A copy of this email is attached as **Exhibit H**).

44.    The Immigration Council assumes that this October 20, 2015, email means that CBP will *not* seek to collect from the Immigration Council any fees associated with responding to the 2015 FOIA Request.

45.    Should the Immigration Council's interpretation of CBP's October 20, 2015 email be mistaken, and CBP in fact intends to bill the Immigration Council for fees associated with responding to the 2015 FOIA Request, the Immigration Council asks the Court to determine that the Immigration Council is entitled to the fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii), based on the following facts, all of which were referenced in the Immigration Council's 2015 FOIA Request:

      a.    As the Immigration Council explained in its FOIA request, the disclosure of the information sought through its 2015 FOIA Request is in the public interest because the disclosed records stand to inform the general public regarding complaints of misconduct by CBP agents, and any progress (or lack thereof) CBP may have made in processing such complaints in order to achieve greater transparency and accountability.

      b.    Historically, the Immigration Council has synthesized and widely disseminated information received in response to FOIA requests, including prior requests to CBP concerning discipline of officers, to facilitate the sharing of this information with a broad public audience.  The Immigration Council has the capacity to do the same in this instance should the information ultimately produced by CBP appear to be in the public interest.

   c.  The Immigration Council does not seek the requested information for commercial gain, but rather for the purpose of educating immigration attorneys, noncitizens, and other interested members of the public.

## FIRST CAUSE OF ACTION

### Violation of Freedom of Information Act
### for Failure to Respond within the Time Required

46.  The Immigration Council repeats, alleges and incorporates the allegations in ¶¶ 1-45, above, as if fully set forth herein.

47.  Within 20 days after receiving the 2015 FOIA Request (excluding Saturdays, Sundays, and legal public holidays), CBP was under 5 U.S.C. § 552(a)(6)(A)(i) to determine whether to comply with the request and to notify the Immigration Council of its determination and the reasons therefor and of its rights to appeal any adverse determination.

48.  None of the communications that the Immigration Council received from CBP in October 2015 (as outlined in ¶¶ 25-32, above) contained the notification required by 5 U.S.C. § 552(a)(6)(A)(i).

49.  CBP has not subsequently provided the requisite notification to the Immigration Council as required by 5 U.S.C. § 552(a)(6)(A)(i).

50.  CBP has likewise failed to comply with the January 14, 2016 instruction of the Chief of the FOIA Appeals, Policy and Litigation Branch of CBP that the Immigration Council be provided within 20 days an estimate of the time it will take CBP's FOIA Division to process the Immigration Council's request.

51.  Defendants' failure to respond within the statutory time limit violated 5 U.S.C. § 552(a)(6)(A), as well as the regulations promulgated thereunder.

## SECOND CAUSE OF ACTION

### Violation of Freedom of Information Act for Failure to Conduct a Reasonable Search and to Disclose Responsive Records

52.    The Immigration Council repeats, alleges and incorporates the allegations in ¶¶ 1-51, above, as if fully set forth herein.

53.    Defendants were obligated under 5 U.S.C. § 552(a)(3) to conduct a reasonable search for records responsive to the Immigration Council's 2015 FOIA Request, and to promptly produce them to the Immigration Council, including in the format requested by the Immigration Council if they are readily reproducible in that format.

54.    CBP has not conducted a reasonable search for records responsive to the 2015 FOIA Request.

55.    CBP has not produced any records responsive to the 2015 FOIA Request.

56.    CBP has not produced any responsive records in the format requested by the Immigration Council.

57.    The Immigration Council has a legal right to obtain the records requested in the 2015 FOIA Request, and no legal basis exists for Defendants' failure to search for and disclose them.

58.    Defendants' failure to conduct a reasonable search for and to produce records responsive to the Immigration Council's request violates 5 U.S.C. §§ 552(a)(3), as well as the regulations promulgated thereunder.

## THIRD CAUSE OF ACTION

### Violation of the Freedom of Information Act for Failure to Grant Plaintiff's Public Interest Fee Waiver Request

59.    The Immigration Council repeats, alleges and incorporates the allegations in ¶¶ 1-58, above, as if fully set forth herein.

60.    Based on the facts outlined in ¶¶ 45(a)-45(c), above, the Immigration Council was entitled to a waiver of fees associated with responding to the 2015 FOIA Request pursuant to 5 U.S.C. § 552(a)(4)(A)(iii).

61.    Pursuant to 5 U.S.C. § 552(a)(4)(A)(viii), the Immigration Council is independently entitled to a waiver of fees associated with searching for records responsive to the 2015 FOIA Request because (a) Defendants failed to respond to the 2015 FOIA Request within the statutory time limit, and (b) no unusual or exceptional circumstances (as defined in 5 U.S.C. § 552(a)(6)(B) and (C)) excuse Defendants' delay in responding.

62.    Any denial of the Immigration Council's request for a fee waiver violates 5 U.S.C. §§ 552(a)(4)(A)(iii) and (viii) and the regulations promulgated thereunder.

## PRAYER FOR RELIEF

WHEREFORE, the Immigration Council requests that judgment be entered in its favor and against Defendants, and that the Court:

(a) Declare that Defendants' failure to respond to the Immigration Council's 2015 FOIA Request within the statutory time limit, their failure to search for records responsive to the Immigration Council's request, and their failure to disclose such responsive records violate FOIA;

(b) Order Defendants and any of Defendants' departments, components, other organizational structures, agents, or other persons acting by, through, for, or on behalf of Defendants to conduct a prompt, reasonable search for records responsive to the Immigration Council's 2015 FOIA Request;

(c) Enjoin Defendants and any of Defendants' departments, components, other organizational structures, agents, or other persons acting by, through, for, or on behalf of either

Defendant from withholding records responsive to the Immigration Council's 2015 FOIA

Request and order Defendants to promptly produce the same;

(d) Order Defendants to waive the fees associated with the Immigration Council's 2015

FOIA Request;

(e) Award the Immigration Council its reasonable attorneys' fees and costs pursuant to 5

U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412; and

(f) Grant all other such relief to the Immigration Council as the Court deems just and

equitable.

Dated: June 6, 2016

By: _____
Gerald S. Hartman (#168484)
Thomas E. Starnes (#376215)
Brian A. Coleman (#459201)
DRINKER BIDDLE & REATH LLP
1500 K Street N.W.
Suite 1100
Washington, DC  20005-1209
Telephone:  (202) 842-8800
Facsimile:   (202) 842-8465
Jerry.Hartman@dbr.com
Thomas.Starnes@dbr.com
Brian.Coleman@dbr.com

Cory M. Valley (*application for admission
pending*)
DRINKER BIDDLE & REATH LLP
1500 K Street N.W.
Suite 1100
Washington, DC 20005-1209
Telephone: (202) 230-5137
Facsimile:  (202) 842-8465
Cory.Valley@dbr.com

Melissa Crow (#453487)
American Immigration Council
1331 G Street, N.W., Suite 200
Washington, D.C. 20005
Telephone: (202) 507-7523
Facsimile: (202) 742-5619
mcrow@immcouncil.org

Attorneys for Plaintiff AMERICAN
IMMIGRATION COUNCIL